T.C. Memo. 2000-135


UNITED STATES TAX COURT


ANTHONY J. MCCARTHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16929-96.                    Filed April 12, 2000.


<u>Toni Robinson</u>, Raj J. Mahale, Susan L. Moon, and Erin M.
O'Hanlon, for petitioner.

<u>Robert E. Marum</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case is before the Court
on remand from the Court of Appeals for the Second Circuit.  The
Court of Appeals vacated our decision in <u>McCarthy v.</u>
<u>Commissioner</u>, T.C. Memo. 1997-436 (McCarthy I), in which we held
that petitioner was not entitled to a business loss deduction for

amounts paid in connection with his son's motocross racing activity because the activity was not entered into for profit during the year in issue. The Court of Appeals stated: "The principal error in the Tax Court's decision is that it gave dispositive weight to the fact that McCarthy's son was an amateur in the tax year in question, and, therefore, '[t]here was no possibility that petitioner could have realized a profit from his management activity' in that year. * * * The inability to make a profit in a particular year is not, however, by itself dispositive." The Court of Appeals stated:

> It may be that, on remand, the Tax Court will conclude that the evidence relied on by McCarthy is insufficient to establish that he had the requisite profit motive. However, such a determination must be based on all the facts and circumstances, not merely on one or two facts that favor the Commissioner's position. See Ranciato, 52 F. 3d at 26. On remand, the Tax Court should explicitly weigh factors that may favor the taxpayer such as the manner in which McCarthy carried on his management activities, his expertise in the motocross business, his foregoing advancement as a construction worker, and his financial situation.

We have reconsidered the facts in this case on remand as instructed by the Court of Appeals, McCarthy v. Commissioner, 164 F.3d 618 (1998), and remain firmly convinced that petitioner did not engage in managing and promoting his son's amateur motocross racing activity during 1993 with the requisite intent to profit. We therefore adhere to our holding in McCarthy I.

We incorporate herein by this reference the facts found in McCarthy I.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

In general, section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The term "trade or business" is not defined with particularity in the Internal Revenue Code or the regulations promulgated thereunder for purposes of section 162. However, it is well established that to be involved in a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

The test of whether a taxpayer conducted an activity for profit is whether he or she engaged in the activity with an actual and honest objective of earning a profit. See Keanini v. Commissioner, 94 T.C. 41, 46 (1990); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be bona fide, as determined from a consideration of all the facts and circumstances. See Keanini

v. Commissioner, supra at 46; Dreicer v. Commissioner, supra at 645; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d Cir. 1967).

Whether petitioner engaged in managing and promoting his son's (Benjamin) motocross racing activity with an actual and honest objective of earning a profit must be determined by considering all the facts and circumstances. See Golanty v. Commissioner, supra at 426; sec. 1.183-2(a) and (b), Income Tax Regs. More weight is given to objective facts than to petitioner's statement of his intent. See Engdahl v. Commissioner, 72 T.C. 659, 666 (1979); sec. 1.183-2(a), Income Tax Regs.

In deciding whether petitioner engaged in managing Benjamin's motocross racing activity for profit, we apply the nine factors listed in section 1.183-2(b), Income Tax Regs. The factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with

respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure are involved. No single factor controls. See Osteen v. Commissioner, 62 F.3d 356, 358 (11th Cir. 1995), affg. in part and revg. on other issues T.C. Memo. 1993-519; Brannen v. Commissioner, 722 F.2d 695, 704 (11th Cir. 1984), affg. 78 T.C. 471 (1982); sec. 1.183-2(b), Income Tax Regs. Petitioner has the burden of proof on this issue. See Golanty v. Commissioner, supra at 426.

Application of the Factors

1. Manner in Which the Taxpayer Conducts the Activity.

Petitioner, himself, engaged in motocross racing as an amateur for approximately 2 years during 1976 and 1977, and, we assume, was well aware of the rules and regulations applicable to amateur motocross racing. He knew that an amateur in motocross racing was not permitted to earn a profit from that activity, and that his son, Benjamin, who was 13 years of age during the year in issue (1993) was not eligible to turn pro until he reached the age of 16 in 1996. When this case was tried in May 1997, Benjamin had still not turned pro.

Benjamin was 12 years of age when petitioner first discussed with him the alleged agreement between them about Benjamin's racing future. No agreement between petitioner and his 12-year old son was memorialized in writing. Petitioner and his 12-year

old son allegedly entered into an oral agreement as to Benjamin's racing future. Petitioner did maintain receipts for the expenses he paid during 1993 in support of Benjamin's motocross racing activity. Petitioner also kept records showing that Benjamin, who was not eligible to win cash prizes, won $2,525 in contingency certificates in 1993, redeemable in racing equipment and other merchandise. Petitioner also reported on his 1993 Federal income tax return $2,250 worth of the above-mentioned certificates as a "management fee" from Benjamin.

Petitioner had no written plan or any financial analysis of the profit potential of his activity. His skeletal records serve only to substantiate the expenses claimed by him on his 1993 return. Otherwise, his records do not serve to establish a business activity with a potential for profit.

This factor favors respondent.

2. The Expertise of the Taxpayer or His Advisers.

Petitioner performed repairs and maintenance on the motorcycles used by his son, helped train his son, and decided which races his son would enter and what size motorcycle his son would ride. Although these facts may seem to favor finding that petitioner had expertise in racing (or managing a racer), a distinction must be drawn between expertise in conducting an activity and expertise in the economic and business aspects of an activity: the former is consistent with a hobby interest, while

the latter indicates the likelihood of a profit motive.  See
<u>Golanty v. Commissioner</u>, 72 T.C. 411, 432 (1979); <u>Burger v.
Commissioner</u>, 809 F.2d 355, 359 (7th Cir. 1987), affg. T.C. Memo.
1985-523; sec. 1.183-2(b)(2), Income Tax Regs.

Petitioner was clearly an expert in racing in the amateur
context, but we find that the record does not establish that he
was an expert in conducting the activity for profit, or that he
actively sought such expertise elsewhere.  Despite the fact that
petitioner personally engaged in motocross racing as an amateur
for 2 years, there is no evidence that he was so engaged on a
businesslike basis or that he sought to earn a profit from that
activity.  There is also no evidence in the record that
petitioner managed any motocross racer other than his son.
Although petitioner investigated sponsorship opportunities and
other methods by which his son could potentially earn future
income, there is nothing in the record which establishes that
petitioner studied business and economic practices or consulted
with an accountant to advise him financially about the racing
activity prior to engaging in the activity.  Furthermore, there
is no evidence indicating petitioner analyzed the overall cost or
necessary capital investment relative to potential revenue.  See,
e.g., <u>Nichols v. Commissioner</u>, T.C. Memo. 1990-546.

This factor favors respondent.

3.  Taxpayer's Time and Effort.

The fact that a taxpayer spends much time and effort in conducting an activity may indicate that he or she has a profit objective, particularly if the activity does not have substantial personal or recreational aspects.  See sec. 1.183-2(b)(3), Income Tax Regs.  In McCarthy I, T.C. Memo. 1997-436, we found that petitioner "devoted most of his spare time" to Benjamin's racing and that he "has extended his time and effort well beyond the degree that parents ordinarily devote to their children's 'extracurricular' interests."  In this case, however, there can be no doubt that petitioner, who himself was an amateur motocross racer for 2 years, experienced personal joy in observing his son participate in motocross racing and in helping his son pursue the activity.  Although elements of personal satisfaction do not necessarily negate a profit motive, see, e.g., Ranciato v. Commissioner, 52 F.3d 23, 26 n.4 (2d Cir. 1995), vacating T.C. Memo. 1993-536, we find in this case that the father-son relationship involved and the considerable amount of personal satisfaction and recreation derived by both taxpayer and his son outweigh the significant time and effort invested.

A taxpayer's withdrawal from another occupation to devote most of his energies to the activity may also be evidence that the activity is engaged in for profit.  See sec. 1.183-2(b)(3), Income Tax Regs.  The record shows that, at all pertinent times,

petitioner continued to work a 40-hour work week in concrete construction. Petitioner briefly mentioned in his testimony that he forwent supervisory positions in order to continue his involvement in his son's activities. The only evidence presented to support this contention was petitioner's own testimony:

> For somebody with my skills, [the average earnings per year are] anywhere from 40 to 50 thousand dollars and upwards. Actually, the situation for me is that I – I probably – I shouldn't say probably – I know that I could have been in supervisory positions from '93 on.
> Before '93, I was in supervisory positions. At that point, once I decided to manage Benjamin's career, it was impossible for me to work a lot of hours. I couldn't work the weekends. I had to take weeks off for national events.

Even without a supervisory position, petitioner earned substantial income, $44,709, in the construction business during 1993. No evidence was presented indicating what amount of income petitioner may have forgone by managing his son and participating in the motocross activities. We do not find from petitioner's uncorroborated, self-serving, and irresolute testimony that petitioner withdrew in any significant sense from his construction job in order to pursue motocross.

This factor favors respondent.

4. <u>Expectation That Property Used in the Activity Would Appreciate in Value</u>.

Petitioner did not invest in any property that would appreciate in value.

This factor is neutral.

5.  Taxpayer's Success in Other Activities.

The evidence does not show that petitioner engaged in any other activity that relates to his management of Benjamin's motocross racing activity.

This factor favors respondent.

6. & 7.  Taxpayer's History of Income or Losses and the Amount of Occasional Profit, If Any.

The record shows that Benjamin did not earn a profit in any prior year, and that Benjamin's motocross racing activities could not have produced a profit during 1993, the year in issue, because as an amateur he was not eligible to win any cash prizes. This would also have been true for at least the 3 years succeeding 1993, until 1996, when upon reaching the age of 16 Benjamin could have turned pro.  Even then, however, the record shows that petitioner decided that Benjamin should not turn pro because of his slight size and because he wanted Benjamin to continue riding a motorbike which was not as big as the smallest bike ridden in professional competition.  We also note that for the year in issue, petitioner reduced his total income of $44,709 earned in the concrete construction business by $13,217 expended in connection with Benjamin's motocross racing activity.

A series of losses during the startup stage of an activity is not necessarily an indication that the activity was not engaged in for profit.  See sec. 1.183-2(b)(6), Income Tax Regs.

Petitioner admitted that he and his son began the racing activities without an intent to profit. The profit motive allegedly arose some time later, but at a time which was at least several years prior to petitioner's son becoming eligible to win cash prizes. No evidence was presented which supports a finding that the losses were customary or usual for this type of activity. See id. The losses were in no way unforeseen or due to circumstances beyond the petitioner's control; rather, petitioner knew with certainty that profits could not be made. See id. Based on these facts, and because the expenses were incurred after the activity was already being engaged in, at a time when the earning of income was impossible, and in connection with an activity which was inherently familial and recreational, we find that the expenses were not startup expenses consistent with an intent to make future profits.

These factors favor respondent.

8. Financial Status of the Taxpayer.

Substantial income from sources other than the activity, in particular if the losses result in substantial tax benefits, may indicate that the taxpayer is not conducting the activity for profit, especially if there are personal or recreational elements involved. See sec. 1.183-2(b)(8), Income Tax Regs. The record clearly shows that petitioner earned substantial income from his full-time employment in 1993 in the amount of $44,709, and that

this income was reduced by the $13,217 which he spent in support of Benjamin's amateur motocross racing activity. Furthermore, as more fully discussed, <u>infra</u>, at factor 9, the activity was both personal and recreational with respect to petitioner and his son: petitioner's actions were as consistent, if not more consistent, with one who wishes to participate in an activity with his son as with one who wishes to supplement his already substantial income.

This factor favors respondent.

9. <u>Elements of Personal Pleasure or Recreation</u>.

The presence of personal motives in carrying on an activity, especially where there are recreational or personal elements involved, may indicate that the activity is not engaged in for profit. See sec. 1.183-2(b)(9), Income Tax Regs. Profit need not be the only objective, however, and personal motives may coexist with an actual and honest intent to derive a profit. See <u>id.</u>

Benjamin was unable to earn any potential profit for several years after the year in issue. Furthermore, any potential profit was dependent upon many unknown variables involved with beginning a professional career--such as Benjamin's future size, abilities, and even desire to continue pursuing the activity into his late teen and early adult years. Finally, the motocross racing activity was inherently recreational and was conducted as an activity to be shared by father and son. Considering these

facts, we find that the prospect for profit in this case was too remote and inconsequential to outweigh the immediate personal nature of the activity.  Thus, the primary motivation of petitioner in participating in the motocross racing with his son was personal, not for profit.

This factor favors respondent.

Having fully considered the above-enumerated factors and taking into account all of the relevant facts and circumstances, we reaffirm our previous holding in McCarthy I that petitioner in 1993 did not engage in managing Benjamin's motocross racing with the intent to make a profit which is necessary to establish the management activity as a trade or business within the intendment of section 162(a).  Cf. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Additional Considerations

In its mandate remanding this case to the Court for further consideration, the Court of Appeals instructed us, as follows:

> In addition, the Tax Court should consider the relevance to this matter, if any, of the "pre-opening expense" doctrine.  The "pre-opening expense" doctrine requires that expenses incurred before a taxpayer begins business operations be capitalized rather than deducted in the year at issue.  See, e.g., Sorrell v. Commissioner, 882 F.2d 484, 486 (11th Cir. 1989); Richmond Television Corp. v. United States, 345 F.2d 901, 905-07 (4th Cir.), vacated on other grounds, 382 U.S. 68 (1965) (per curiam).  We ask for consideration of this doctrine, or a determination that it is irrelevant, because it was mentioned in the Commissioner's brief on this appeal.  See Appellee's Br. at 26 n.7.

The preopening expense doctrine requires expenses incurred prior to the commencement of a trade or business, or prior to the start of an income producing activity, to be capitalized rather than deducted under section 162(a) or 212.  See Hardy v. Commissioner, 93 T.C. 684 (1989).  If otherwise eligible, preopening expenses may be amortized under section 195 after a trade or business begins.

The preopening expense doctrine is inapplicable in this case.  The doctrine is a limitation on the deductibility of certain expenses under sections 162(a) and 212.  Petitioner, however, did not have a profit motive and consequently the expenses he incurred do not pass the threshold requirements of these sections.  See sec. 212; Commissioner v. Groetzinger, supra at 35 ("to be engaged in a trade or business [within the meaning of section 162(a)] * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit").  Because neither section 162(a) nor section 212 applies to petitioner, the preopening expense doctrine does not operate to require petitioner to capitalize, rather than deduct, any expenses.

On careful reconsideration pursuant to the mandate of the Court of Appeals,

Decision will be entered

for respondent.