861 F.2d 1232
 63 A.F.T.R.2d 89-311, 88-2 USTC P 9603
 Robert W. LEWIS; Rebecca H. Lewis; Michael C. Kirk; Julia
T. Kirk; James P. Kirk; Elizabeth H. Kirk; J.
Philip Kirk, Jr.; and Judy Kirk,
Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 No. 86-2762.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 28, 1988.
 
 David S. Elkouri (Eric S. Namee, with him on the brief), of Hinkle, Eberhart, Elkouri & Jensen, Wichita, Kan., for petitioners-appellees.
 Francis M. Allegra (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, and Ann Belanger Durney, with him on the briefs), Dept. of Justice, Washington, D.C., for respondent-appellant.
 Before MOORE, BARRETT, and TACHA, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The only issue presented by this appeal is whether the Tax Court erred in holding certain expenses incurred prior to the opening of the business of a partnership are deductible expenses incurred in the production of income. We conclude the Tax Court erred and accordingly reverse its judgment.
 
 
 2
 Taxpayers hold interests in a limited partnership (CHA) which was formed to build, own, and operate a hotel. Using a cash method of accounting, CHA filed partnership informational returns for 1978, 1979, and 1980, claiming losses from expenses for payroll, taxes, advertising, management fees, and other costs not attributable to the acquisition of capital property. At the time the expenses were incurred, however, the hotel was not open for business, and no guests were received. Because the expenses were incurred after obtaining their interests in CHA, taxpayers claimed on their individual returns their distributive shares of the losses reported by CHA.
 
 
 3
 The Commissioner disallowed the claimed losses because they "were not incurred in carrying on a trade or business but constitute amounts incurred before business commenced." Taxpayers filed suit in the Tax Court for a redetermination of the deficiencies assessed by the Commissioner.
 
 
 4
 The Tax Court concluded that because the limited partnership was not engaged in a trade or business prior to the time the expenses were incurred, no deduction was available under Internal Revenue Code Sec. 162. However, relying upon Hoopengarner v. Commissioner, 80 T.C. 538 (1983), aff'd by unpublished opinion, 745 F.2d 66 (9th Cir.1984), and Johnsen v. Commissioner, 83 T.C. 103 (1984), later rev'd, 794 F.2d 1157 (6th Cir.1986), the Tax Court held that certain partnership expenses are deductible under Sec. 212 of the Code.
 
 
 5
 In this appeal, the Commissioner urges the Tax Court erred because the expenses should have been capitalized.[1] We agree.
 
 
 6
 This issue has been thoroughly explored and resolved in other circuits. Fishman v. Commissioner, 837 F.2d 309 (7th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 2902, 101 L.Ed.2d 935 (1988); Johnsen, 794 F.2d at 1157; Aboussie v. United States, 779 F.2d 424 (8th Cir.1985). We agree with these cases and see no reason to reiterate the analysis.
 
 
 7
 REVERSED.
 
 
 
 [1]
 The taxpayers argue that a stipulation into which they entered with the Commissioner governs because in it the Commissioner agreed that the expenses "are not capital in nature within the meaning of IRC Secs. 263 and 1221." The stipulation does not affect the issue before us because, while the expenses were not capital items within the definition of the referenced sections, they are still subject to capitalization