884 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. WALSH; Lois M. Walsh, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-1134.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 These pro se taxpayers appeal the Tax Court's decision of deficiency resulting from a claim for current deductions of costs incurred in preparing to open a new business. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 During 1981, William J. and Lois M. Walsh rented a space in a building, incurred expenses, and made purchases to prepare the space for a new restaurant. The restaurant opened in 1982. In preparing their 1981 income tax return, taxpayers claimed current business deductions connected with the restaurant; they also claimed a depreciation deduction and an investment tax credit for property purchased for the restaurant.
 
 
 3
 Respondent disallowed the deductions. Taxpayers filed a petition seeking a redetermination of the deficiency. The Tax Court ruled that taxpayers were not entitled to current deductions or an investment tax credit because the expenses were incurred before the restaurant opened.
 
 
 4
 Upon review, we conclude that the Tax Court's finding that the business was not operating is not clearly erroneous. Fed.R.Civ.P. 52(a). To claim deductions under I.R.C. Secs. 162 and 212, the business concern must be operational. Start-up or pre-operating expenses are not deductible under sections 162(a) or 212. Johnsen v. Commissioner, 794 F.2d 1157 (6th Cir.1976).
 
 
 5
 Contrary to taxpayers' arguments, the restaurant was not operational until it was open to the public. See Lewis v. Commissioner, 861 F.2d 1232, 1232 (10th Cir.1988) (expenses incurred before a hotel opened its doors to the public and received guests were pre-operational). As a basic principle of tax law, expenses are matched temporally to income. Fishman v. Commissioner, 837 F.2d 309, 312 (7th Cir.1988). Until the restaurant was opened, taxpayers had no income to which they could apply the expenses. Taxpayer's assertion that they were without fault for the delay in opening is irrelevant. The primary consideration is whether the business was operational, not why or why not. See Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir.1965), vacated on other grounds, 382 U.S. 68 (1965) (per curiam). See also Fishman, 837 F.2d at 312.
 
 
 6
 Accordingly, the Tax Court's decision of deficiency is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.