128 T.C. No. 1


UNITED STATES TAX COURT



JULIE A. TOTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket Nos. 12452-04, 12862-04.    Filed January 18, 2007.

        P began operating a horse boarding and training
facility for profit in 1998.  P has continued carrying
on these activities through the date of trial.  P
claims the expenses paid for these activities are
deductible pursuant to sec. 212, I.R.C., in 1998 and
2001, the years at issue.

        R denied the deductions, claiming that the
expenses were nondeductible startup expenditures under
sec. 195(a), I.R.C., which must be capitalized because
they were incurred in anticipation of the sec. 212,
I.R.C., activity's becoming a trade or business.

        <u>Held</u>:  Sec. 195(a), I.R.C., does not require the
expenses of P's sec. 212, I.R.C., activity to be
capitalized as startup expenditures.  The expenses paid
or incurred in the sec. 212, I.R.C., activity are
deductible.

Russell R. Kilkenny, for petitioner.

Shirley M. Francis, for respondent.

HAINES, Judge:  Respondent determined deficiencies in petitioner's Federal income taxes for 1998 and 2001 (years at issue) of $112,461 and $84,388, as well as additions to tax under section 6651(a)(1) of $19,512 and $13,920, under section 6651(a)(2) to be computed, and under section 6654(a) of $3,806 and $2,349, respectively.

The issue for decision as framed by the parties is:  whether petitioner may deduct expenses in connection with her horse boarding and training activities for the years at issue pursuant to section 212 or instead is required by section 195(a) to capitalize them as startup expenditures.[1]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner lived in Oregon when she filed her petition.

Petitioner was employed by the pharmaceutical firm Pfizer, Inc. (Pfizer), from 1988 to May 9, 2000.  In March 1997,

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  Amounts are rounded to the nearest dollar.

petitioner fell from her horse during a stadium jumping clinic and suffered a head injury which caused continuing episodes of severe fatigue, mental apathy, dizziness, and nausea.[2] Her illness resulted in permanent disability and caused her to lose her job with Pfizer on May 9, 2000.

Petitioner is one of six individuals in the Pacific Northwest qualified to teach Eventing[3] at the beginning novice, novice, training, and preliminary levels.[4] In 1998 petitioner purchased 17 acres of land in Newberg, Oregon (Newberg property), between Portland and Salem, Oregon, in an area well known within the equestrian community for horse boarding, training, and lessons.

In 1998, petitioner began operating a horse boarding and training facility upon the Newberg property for profit. Although income from the activities in 1998 was modest, it gradually increased as improvements were made to the Newberg property and petitioner was able to hire additional staff. By early 2004,

---

[2] Petitioner was initially diagnosed with chronic fatigue syndrome. However, in June 2001, a cardiologist diagnosed her as suffering from neurocardiogenic syncope, an incurable disease caused by the nerve damage she suffered from her head injury.

[3] Eventing is an Olympic sport made up of three disciplines in which a horse and rider compete in dressage, stadium jumping, and cross-country jumping.

[4] Eventing has six levels of difficulty which are in order of difficulty: Beginning novice; novice; training; preliminary; intermediate; and advanced.

petitioner had established a limited liability company called Ghost Oak Farm, L.L.C., to operate the Newberg property. She currently earns approximately $3,000 per month from Ghost Oak Farm, L.L.C.

Petitioner filed her Federal income tax returns for the years at issue on April 5, 2004. Respondent sent petitioner notices of deficiency for the years at issue on April 19 and 26, 2004, respectively. The notices of deficiency for the years at issue were based upon third party payor information and not upon information reported on petitioner's filed returns.

The parties have stipulated that the income reported on petitioner's Federal income tax returns for 1998 and 2001 is correct. Petitioner's claimed itemized deductions are not in dispute. Petitioner reported the income and expenses from her horse boarding and training activities on Schedule C, Profit or Loss From Business, but concedes that the expenses attributable to the activities are not deductible pursuant to section 162. Rather, petitioner contends that the horse boarding and training expenses are deductible pursuant to section 212. Respondent concedes petitioner engaged in horse boarding and training activities for profit[5] beginning in 1998 and does not dispute the

_____

[5] Respondent does not argue the application of sec. 183.

amounts of the expenses claimed, but contends they are nondeductible startup expenditures under section 195(a).[6]

Petitioner filed her petitions for 1998 and 2001 on July 21 and 15, 2004, respectively. The Court consolidated the cases for trial, briefing, and decision on December 5, 2005.

OPINION

The relevant portion of section 195, as amended, provides:

SEC. 195. START-UP EXPENDITURES.

(a) Capitalization of Expenditures. Except as otherwise provided in this section, no deduction shall be allowed for start-up expenditures.

\* \* \* \* \* \* \*

(c) Definitions. For purposes of this section--

(1) Start-up expenditures. The term "start-up expenditure" means any amount--

(A) paid or incurred in connection with--

\* \* \* \* \* \* \*

(iii) <u>any activity engaged in for profit and for the production of income before the day on which the active trade or business begins, in anticipation of such activity becoming an active trade or business, and</u>

(B) which, if paid or incurred in connection with the operation of an existing active trade or business (in the same field as the trade or business referred to in subparagraph (A)), would

---

[6] The parties have also stipulated that petitioner is entitled to personal exemptions for the years at issue. If additional income tax is owing from petitioner, she concedes the additions to tax under secs. 6651(a)(1) and (2) and 6654.

be allowable as a deduction for the taxable year in which paid or incurred.

[Emphasis added.]

Respondent, citing the underlined portion of section 195, contends that petitioner anticipated that her income-producing activities would become an active trade or business. Therefore, respondent argues, expenses paid or incurred in the income-producing activity must be capitalized. Respondent's argument fails for several reasons.

Ordinary and necessary expenses for all income-producing activities, whether they are for business under section 162 or nonbusiness under section 212, are intended to be on equal footing. Snyder v. United States, 674 F.2d 1359, 1364 (10th Cir. 1982); Looney v. Commissioner, T.C. Memo. 1985-326, affd. without published opinion 810 F.2d 205 (9th Cir. 1987). This means that the distinction between an ordinary expense and a capital expenditure should be applied in the same manner under both sections. Woodward v. Commissioner, 397 U.S. 572, 575 n.3 (1970). This Court construes the term "startup expenditure" to denote an expenditure that is capital rather than ordinary. This Court will not interpret section 195 to override the deductibility of ordinary and necessary expenses petitioner incurred in an ongoing section 212 activity any more than it would do so for an ongoing section 162 activity. See Crane v. Commissioner, 331 U.S. 1, 13 (1947) ("one section of the act must

be construed so as not to defeat the intention of another or to frustrate the Act as a whole"); Brons Hotels, Inc. v. Commissioner, 34 B.T.A. 376, 381 (1936) ("The various sections of the Act should be so construed that one section will explain and support and not defeat or destroy another section"). Once her section 212 activity has begun, the deduction of ordinary and necessary expenses paid or incurred in that activity is not precluded by section 195 regardless of whether that activity is subsequently transformed into a trade or business. This interpretation is consistent with section 195 and its legislative history.

In the 1980s several Federal Courts of Appeals were asked to decide whether expenses paid or incurred during the preoperating phase of a profit-seeking activity were deductible or had to be capitalized. Each of the cases involved tax years arising before the effective date of section 195. Six Courts of Appeals held that, because section 212 and section 162 are in pari materia, preopening expenses[7] for either a section 212 activity or a

---

[7] Before the enactment of sec. 195 in the Miscellaneous Revenue Act of 1980, Pub. L. 96-605, sec. 102(a), 94 Stat. 3522, a taxpayer was required to capitalize investigatory expenses and startup costs of a new business under a body of law known as the pre-opening expense doctrine, which was based upon sec. 162 and the clear reflection of income principle. Richmond Television Corp. v. United States, 345 F.2d 901, 904-907 (4th Cir. 1965), vacated per curiam on other grounds 382 U.S. 68 (1965). Under this doctrine, a taxpayer could recover preopening expenses only by depreciating them over the life of the asset or deducting them

(continued...)

section 162 activity must be capitalized.  See <u>Sorrell v. Commissioner</u>, 882 F.2d 484, 487-488 (11th Cir. 1989), revg. T.C. Memo. 1987-351; <u>Lewis v. Commissioner</u>, 861 F.2d 1232, 1233 (10th Cir. 1988), revg. T.C. Memo. 1986-155; <u>Fishman v. Commissioner</u>, 837 F.2d 309 (7th Cir. 1988), revg. T.C. Memo. 1986-127; <u>Johnsen v. Commissioner</u>, 794 F.2d 1157, 1162 (6th Cir. 1986), revg. 83 T.C. 103 (1984); <u>Aboussie v. United States</u>, 779 F.2d 424, 428 n.6 (8th Cir. 1985).  The Court of Appeals for the Ninth Circuit affirmed a holding of the Tax Court which found preopening expenditures of a section 212 activity could be deducted. <u>Hoopengarner v. Commissioner</u>, 80 T.C. 538 (1983), affd. without published opinion 745 F.2d 66 (9th Cir. 1984).[8]

---

[7](...continued)
as a loss when the asset was sold.  See <u>Commissioner v. Idaho Power Co.</u>, 418 U.S. 1 (1974).

[8] In <u>Hardy v. Commissioner</u>, 93 T.C. 684, 693 (1989), affd. in part and remanded in part (10th Cir., Oct. 29, 1990), we overruled our Opinion in <u>Hoopengarner v. Commissioner</u>, 80 T.C. 538 (1983), affd. without published opinion 745 F.2d 66 (9th Cir. 1984).  The year in suit in <u>Hardy</u> was 1982, to which the 1984 amendment of sec. 195 did not apply.

Observing that section 195 as originally enacted[9] in the Miscellaneous Revenue Act of 1980, Pub. L. 96-605, sec. 102(a), 94 Stat. 3522, was ambiguous and caused excessive litigation, in 1984 Congress amended the statute. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 94(a), 98 Stat. 614; S. Prt. 98-169 (Vol. I), at 282-283 (1984). The Senate print accompanying the Deficit Reduction Act of 1984 stated that the intent of Congress in amending the statute was to "decrease the controversy and litigation arising under present law with respect to the proper tax treatment of start-up expenditures" by requiring expenses similar to those allowed as deductions in Hoopengarner to be capitalized. S. Prt. 98-169 (Vol. I), supra at 283. The purpose of the 1984 amendment to section 195 was to bring sections 212 and 162 into parity when determining whether an expenditure has been incurred in a startup activity.

---

[9] As originally enacted sec. 195(b) defined "startup expenditures" to mean any amount:

(1) paid or incurred in connection with--

(A) investigating the creation or acquisition of an active trade or business, or

(B) creating an active trade or business, and

(2) which, if paid or incurred in connection with the expansion of an existing trade or business * * * would be allowable as a deduction for the taxable year in which paid or incurred.

We have found that petitioner operated her horse boarding and training activities for profit in 1998 and has continued to engage in these same activities through the date of trial. Respondent concedes petitioner engaged in these activities for profit during the years at issue. Additionally, respondent does not argue the application of section 183 and does not dispute the amounts of the expenses or that they were ordinary or necessary. Therefore, the Court holds that petitioner's expenses attributable to her horse boarding and training activities during the years at issue are deductible pursuant to section 212.

Decisions will be entered under Rule 155.