# United States Tax Court

T.C. Summary Opinion 2025-5

SAFDAR S. KHAN AND MARYAM TAHIR,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

———————

Docket No. 14048-23S.                    Filed May 19, 2025.

———————

*Timothy A. Pirtle*, for petitioners.

*Lauren M. Dynes* and *Louis H. Hill*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

After concessions,[2] the sole issue for decision is whether petitioners are entitled to deduct certain business expenses reported on Schedule C, Profit or Loss From Business, attached to their joint 2020

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent has conceded that petitioners are not liable for the section 6662(a) accuracy-related penalty.

**Served 05/19/25**

Form 1040, U.S. Individual Income Tax Return (2020 tax return). The Court concludes that they are not.

*Background*

Some of the facts have been stipulated and are so found. The First Stipulation of Facts, consisting of paragraphs 1 through 10 and Exhibits 1-J and 2-J, is incorporated herein by this reference. At the partial trial on April 2, 2024, petitioners moved the Court to admit into evidence Exhibits 3-P through 10-P. Respondent objected on grounds of lack of personal knowledge and authenticity to Exhibits 3-P, 4-P, 5-P, 7-P, and 9-P and additionally objected on grounds of hearsay to Exhibit 10-P. The Court admitted into evidence Exhibit 3-P for the purpose of showing that Muhammad Akbar purchased oil from Pakistan State Oil on December 18, 2019, and Exhibit 10-P, a log listing money transfers from January 5, 2016, to January 5, 2022. The Court did not admit into evidence Exhibits 4-P through 9-P. At the end of the partial trial the Court kept the record open and directed the parties to file a status report to determine whether a further trial would be needed after the parties conferred about the possible testimony of a witness who resided in Pakistan.[3]

A further trial was held on September 18, 2024, after petitioners retained counsel. At the continuation of the trial petitioners moved the Court to admit into evidence Exhibits 500-P through 504-P. Respondent objected to the Exhibits on the grounds of lack of personal knowledge and authenticity. The Court did not admit into evidence Exhibits 500-P, 501-P, and 502-P, but the Court did admit into evidence Exhibit 503-P, a printout from exchangerates.org listing U.S. dollar to Pakistani rupee exchange rates in 2020, and Exhibit 504-P, a list of purported salaries for employees of Golden Star Filling Station in 2020.

Petitioners resided in Ohio when the Petition was filed.

---

[3] Ultimately, the Court was unable to hear the testimony of Muhammad Akbar, who Dr. Khan asserted was the manager of his gasoline filling station in Pakistan. Mr. Akbar resided in Pakistan, which is not a signatory to the Hague Evidence Convention, a necessity for the Court to take testimony of someone residing in a foreign country. *See* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555.

I.     *Petitioners' Activities in 2020*

Before 2020, the year in issue, Dr. Khan decided he wanted to start a gasoline filling station in Pakistan that he named Golden Star Filling Station. Construction of the gasoline filling station began in summer 2019 and was completed in December 2019. Dr. Khan hired a manager to run the gasoline filling station and sent him money to pay the expenses connected with the Golden Star Filling Station.

Beginning in March 2020 the government in Pakistan determined that gasoline filling stations could not be open because of the COVID-19 pandemic, and Golden Star Filling Station was not allowed to open. As a result of subsequent government-ordered lockdowns, throughout 2020 Golden Star Filling Station opened and closed five or six times. Dr. Khan estimated that during 2020 Golden Star Filling Station was closed 40 to 50% of the time because of these lockdowns.

During 2020 Dr. Kahn operated Shared Prosperity with a business address in Miami, Florida, as listed on the Schedule C attached to his 2020 tax return. Dr. Khan used a principal business or professional activity code of 621340 for Shared Prosperity. The Court takes judicial notice of the Internal Revenue Service's (IRS)[4] instructions for completing Schedule C for 2020. According to these instructions, the 621340 code listed on petitioners' Schedule C with respect to Shared Prosperity is a code under the major category "Health Care & Social Assistance," the heading "Ambulatory Health Care Services," and the listing "Offices of physical, occupational & speech therapists, & audiologists." Dr. Khan did not list Golden Star Filling Station as the name of the business on the Schedule C attached to petitioners' 2020 tax return.

II.     *Petitioners' 2020 Federal Income Tax Return*

Petitioners filed a joint 2020 tax return prepared by a paid tax preparer. On the 2020 tax return petitioner husband, Dr. Khan, listed his occupation as a physician and petitioner wife, Ms. Tahir, listed her occupation as an employee. Petitioners attached Schedule C to their 2020 tax return. On the Schedule C Dr. Khan listed the business name as Shared Prosperity. He reported gross receipts or sales of $4,455 and

---

[4] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

total business expenses of $193,878. The breakdown of the total business expenses for Shared Prosperity is as follows:

| Expense | Amount |
|---|---|
| Contract Labor | $4,455 |
| Insurance | 2,471 |
| Interest (Other) | 6,432 |
| Pension and Profit Sharing Plans | 9,500 |
| Rent or Lease (Vehicles, machinery, equipment) | 11,680 |
| Rent or Lease (Other business property) | 24,950 |
| Repairs and Maintenance | 2,050 |
| Utilities | 5,085 |
| Other Expenses | 127,255 |

III.    *Notice of Deficiency*

The IRS examined petitioners' 2020 tax return and after the examination issued to petitioners a Notice of Deficiency dated June 20, 2023. In the Notice of Deficiency the IRS disallowed the deduction for petitioners' "Other Expenses" of $127,255 claimed on the Schedule C and made a computational adjustment to petitioners' itemized deductions relating to net medical and dental expenses. The IRS explained in the Notice of Deficiency that it disallowed the "Other Expenses" deductions "because [the IRS] did not receive an answer to [its] request for supporting information."

*Discussion*

I.    *Burden of Proof*

In general, the Commissioner's determination set forth in a Notice of Deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. *See* Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). Under section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other

requirements. Petitioners have not argued or established that section 7491(a) applies, and therefore the burden of proof remains with them.

II. *General Rules for Claiming Business Deductions*

Generally, taxpayers may deduct ordinary and necessary expenses paid or incurred during the taxable year in connection with operating a trade or business. I.R.C. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). Taxpayers may also deduct expenses of an income-producing activity. I.R.C. § 212. However, taxpayers may not deduct "start-up" expenses under section 162(a) or 212. I.R.C. § 195; *Toth v. Commissioner*, 128 T.C. 1, 4 (2007). Taxpayers bear the burden of proving that the expenses were connected with an operational business and were substantiated. Rule 142(a); *see Welch v. Helvering*, 290 U.S. at 115. Petitioners assert that the Golden Star Filling Station was an operational business in 2020, but respondent contends that it was not operational and at best was in a start-up phase in that year.

Section 6001 requires taxpayers to establish their entitlement to deductions and substantiate the amounts of their claimed deductions by keeping and providing books of accounts or records sufficient to establish "matters required to be shown by such person in any return of such tax or information." Treas. Reg. § 1.6001-1(a), (e); *see also INDOPCO, Inc. v. Commissioner*, 503 U.S. at 84. The failure to keep and present accurate records counts heavily against a taxpayer's attempted proof. *See Rogers v. Commissioner*, T.C. Memo. 2014-141, at *17.

Certain expenses require a higher degree of substantiation. I.R.C. § 274. However, for some other types of expenses lack of substantiation can be overcome. *See, e.g.*, *Phillips v. Commissioner*, T.C. Memo. 2013-215, at *22–23. "[I]f a taxpayer establishes that a deductible expense has been paid but cannot establish the precise amount of the deductible expense, the Court may estimate the amount." *Id.* at *23 (citing *Cohan v. Commissioner*, 39 F.2d 540, 543–44 (2d Cir. 1930)). "In making the estimate, the Court bears heavily against the taxpayer who failed to more precisely substantiate the expense." *Id.* (citing *Cohan v. Commissioner*, 39 F.2d at 544); *see also Rogers*, T.C. Memo. 2014-141, at *17. "The Court will not estimate a deductible expense unless the taxpayer presents a sufficient evidentiary basis on which an estimate can be made." *Phillips*, T.C. Memo. 2013-215, at *23 (citing *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985)); *see also Rodriguez v. Commissioner*, T.C. Memo. 2009-22, 2009 WL 211430, at *4

(stating, with respect to the *Cohan* rule, that "we can't just guess"). The "Other Expenses" in issue are not subject to the stricter section 274 substantiation rules.

The Court does not need to decide, as petitioners' assert, whether the Golden Star Filling Station operated as a business in 2020. The record before the Court provides a confusing, sometimes contradictory, and incomplete view of what expenses petitioners can substantiate with respect to the Golden Star Filling Station for 2020. The books and records presented to the Court, along with Dr. Khan's testimony, are insufficient for the Court to estimate the expenses petitioners paid with respect to the Golden Star Filling Station for 2020.

III.   *Lack of Substantiation*

The substantiation documentation entered into evidence in this case consists of the following:

(1) A check that shows a purchase of oil was made by Muhammad Akbar from Pakistan State Oil on December 18, 2019;

(2) A log listing money transfers from January 6, 2016, to January 5, 2022;

(3) A printout from exchangerates.org listing U.S. dollar to Pakistani rupee exchange rates in 2020;

(4) A listing of purported salaries for Golden Star Filling Station employees in 2020 in Urdu, denominated in Pakistani rupees, along with English and U.S. dollar translations of those listings translated by a college professor of English in Pakistan; and

(5) Dr. Khan's testimony.

At trial Dr. Khan testified that Golden Star Filling Company opened as a business and began providing services for the public on December 18, 2019. The Court did not find Dr. Khan's testimony on this issue credible. *See Tokarski v. Commissioner*, 87 T.C. 74, 77 (1986).

The only other evidence proffered to substantiate this fact was a check showing a purchase of oil by a person but not identifying Golden Star Filling Station as receiving the oil. The money transfers do not contain either of petitioners' names. Petitioners have not substantiated

the business purposes of the transfers, and the dollar amounts on the log do not match the listing of purported salaries.

Furthermore, the business listed on the Schedule C was Shared Prosperity, with a business address in Miami, Florida. The principal business or professional activity code on it relates to health care, not a gasoline filling station, and aligns with Dr. Khan's occupation of physician listed on the 2020 tax return. Dr. Khan also testified that although the Schedule C identified Shared Prosperity as his business, petitioners' 2020 tax return contained a lot of errors. He further testified that the tax return should have included Golden Star Filling Station. However, Dr. Khan did not call as a witness the person who prepared petitioners' 2020 tax return.

The documents in the record, along with Dr. Khan's testimony, are insufficient for the Court to estimate the expenses petitioners paid with respect to the Golden Star Filling Station for 2020.

IV.    *Conclusion*

Petitioners have argued that Dr. Khan operated Golden Star Filling Station and that they should be allowed to deduct "Other Expenses" of $127,255 related to operating a gasoline filling station. The Court finds that petitioners did not meet their burden of substantiation with respect to the "Other Expenses" disallowed by the IRS. Accordingly, the Court finds for respondent.

To reflect the foregoing,

*Decision will be entered for respondent as to the deficiency and for petitioner as to the accuracy-related penalty under section 6662(a).*