T.C. Memo. 2009-228


UNITED STATES TAX COURT


ERNESTINE FORREST, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23122-07.               Filed October 5, 2009.


Ernestine Forrest, pro se.

Michael K. Park, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


VASQUEZ, Judge:  Respondent determined a $1,882 deficiency

in petitioner's 2003 Federal income tax.  After concessions,[1] the

issue for decision is whether petitioner is entitled to deduct

---

[1]  Petitioner concedes respondent's adjustment to
alternative minimum tax liability and that her expense for
airfare to an American Bar Association (ABA) meeting cannot be
deducted because the ABA reimbursed her.

certain business expenses under section 162(a).[2]  We hold that she is not.

                              FINDINGS OF FACT

     Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in California at the time she filed her petition.

     Petitioner was admitted to practice law in California in 1974 and in Colorado in 1986.  Before 1988 petitioner worked as a contract attorney performing various legal services, e.g., researching legal issues, attending hearings, etc., on behalf of other attorneys.  She represented her own clients on occasion, but this was rare.  In some cases petitioner became an employee of the attorney or law firm she worked for.  From 1988 until her employment was terminated in 2000 she worked as a securities regulator for the California Department of Corporations (the department).  Petitioner worked as a contract attorney again in 2000 but not at all during 2001 and 2002.

     In 2003 petitioner decided once again to try to work as a contract attorney.  She attended the ABA 2003 Midyear Meeting in Seattle, Washington, on February 8-11.  While there she attended

_____

     [2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

a women's caucus luncheon, a solo and small firm lawyers breakfast caucus, and seminars on securities law. Petitioner networked with colleagues and informed them she was available as a contract attorney to perform various legal services on their behalf.

Petitioner also purchased various supplies, including a computer, printer, paper products, etc., as well as telephone, fax, and Internet services between January and March 2003. Petitioner attempted to be reinstated as a securities regulator by the department and eventually filed suit against the department in 2003. She used some of the supplies she had purchased to assist in her reinstatement efforts. Before petitioner secured any clients or earned any income as a contract attorney in 2003, she was reinstated by the department and returned to work on or around March 25.

On October 15, 2006, petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2003 (2003 return). She included with her 2003 return Schedule A, Itemized Deductions. On Schedule A petitioner claimed $19,192.52 in deductions for other expenses, which the IRS did not question. Petitioner attached to Schedule A a listing of these expenses summarized as follows:

| Business travel to professional conventions | $3,303.84 |
| Professional fees, dues, education costs, etc. | 3,384.13 |
| Mail and photocopy costs | 835.73 |
| Computer, Internet, and supplies | 2,146.84 |
| Business telephone and fax | 725.00 |
| Litigation expenses and attorney's fees | 7,496.98 |
| Business use of car | 1,300.00 |
| Total | 19,192.52 |

Petitioner did not include Schedule C, Profit or Loss From Business, or Form 6251, Alternative Minimum Tax--Individuals, with her 2003 return.

Respondent determined a $1,882 deficiency in petitioner's 2003 Federal income tax arising from petitioner's failure to report alternative minimum tax (AMT) liability. Petitioner timely filed a petition with this Court. She concedes the AMT adjustment but asserts that $1,761 of her expenses reported on Schedule A should be recast as Schedule C business expense deductions.[3]

OPINION

Petitioner has neither claimed nor shown that she satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue. Accordingly, the

---

[3] The $1,761 of expenses petitioner claims she paid in connection with the alleged trade or business consist of the following: $211.81 to Costco for office supplies and miscellaneous items; $129.45 to Office Depot; $493.14 to the Seattle Hilton hotel; $35 to the Commission on Women in the Profession; $195 to the Clerk of the Supreme Court; $18.15 to Federal Express for the ABA; $73.94 to Pacific Bell; $140 to the Los Angeles County Bar Association for dues; $315 to the State Bar of California; $115 to the ABA; and $34.35 to Staples for paper and other supplies.

burden of proof is on petitioner to show that respondent's determination set forth in the notice of deficiency is incorrect. See Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Deductions are a matter of legislative grace; petitioner has the burden of showing that she is entitled to any deduction claimed. See Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

Petitioner argues that during 2003 she carried on a trade or business, i.e., she worked as a contract attorney providing legal services to other attorneys, and that she paid certain expenses in connection with this alleged trade or business. Respondent argues petitioner was not engaged in a trade or business because she admittedly had no clients and reported no income related to the activity during 2003.

Section 162(a) allows a deduction for ordinary and necessary expenses paid during the taxable year in carrying on any trade or business. In order for the expenses to be deductible under section 162, the expenses must relate to a trade or business functioning at the time the expenses were incurred. <u>Hardy v. Commissioner</u>, 93 T.C. 684, 687 (1989), affd. in part and remanded in part on another issue per order (10th Cir., Oct. 29, 1990); sec. 1.162-1(a), Income Tax Regs. Whether a taxpayer's activities constitute the carrying on of a trade or business requires an examination of the facts and circumstances of each

case.  Commissioner v. Groetzinger, 480 U.S. 23, 36 (1987); Higgins v. Commissioner, 312 U.S. 212 (1941); O'Donnell v. Commissioner, 62 T.C. 781, 786 (1974), affd. without published opinion 519 F.2d 1406 (7th Cir. 1975).

The U.S. Court of Appeals for the Ninth Circuit, the court to which this case would be appealable, has held that to constitute a trade or business, "'the taxpayer's primary purpose for engaging in the activity must be for income or profit.'" Smith v. Commissioner, 182 F.3d 927 (9th Cir. 1999) (quoting Commissioner v. Groetzinger, supra at 35), affg. without published opinion T.C. Memo. 1997-503; Warden v. Commissioner, 111 F.3d 139 (9th Cir. 1997), affg. without published opinion T.C. Memo. 1995-176; Barter v. Commissioner, 980 F.2d 736 (9th Cir. 1992), affg. without published opinion T.C. Memo. 1991-124. An income-producing activity also must be regular and continuous to be a trade or business.  Finnegan v. Commissioner, T.C. Memo. 1997-486 (adopting the reasoning of the Tax Court), affd. without published opinion 168 F.3d 498 (9th Cir. 1999).  Thus, for a taxpayer to be engaged in a trade or business, the taxpayer's involvement in the activity must be regular and continuous and the taxpayer's primary purpose for engaging in the activity must be for income or profit.  Commissioner v. Groetzinger, supra at 35.

Petitioner argues that her activity was a continuation of a trade or business carried on previously; i.e., in the 1980s and in 2000. However, even if her activities in the past amounted to a trade or business, which we do not decide, there was a substantial lack of continuity between her prior work and her efforts in 2003. Petitioner did not work as a contract attorney between 1988 and 2000 while she worked for the department. She also did not work as a contract attorney in 2001 or 2002, and her activity in 2003 was sporadic. Accordingly, under the facts of this case petitioner's activity in 2003 was not a continuation of a trade or business carried on in any previous period.

Petitioner did not decide to work as a contract attorney until mid-January of 2003, and she returned to work with the department on or around March 25 of that year. Therefore, the alleged trade or business existed only from mid-January to late March, or just over 2 months. This is not a substantial time period.[4]

Even though petitioner expended some time and effort in an attempt to find work as a contract attorney during this period, her involvement was not regular and continuous. Her only activity was her attendance at the ABA meeting for 4 days in February, at which petitioner marketed herself to other

---

[4] We do not decide whether a trade or business could be found in a 2-month period under a different set of facts and circumstances.

attorneys. She did not negotiate for or perform any legal services as a contract attorney for any party during this period. Finally, she abandoned her efforts upon returning to the department in late March. Accordingly, her activity was neither regular nor continuous.

We conclude that petitioner's activity as a contract attorney in 2003 was not regular and continuous. Having so decided, we need not decide whether petitioner's primary purpose for engaging in the activity was to earn a profit. See Finnegan v. Commissioner, supra (holding real estate activity was not a trade or business because time and effort devoted to it was not regular and continuous and declining to decide whether there was a profit motive). Therefore, we hold that petitioner's activity in 2003 did not amount to a trade or business.

## Conclusion

After reviewing all of the facts and circumstances, we conclude that petitioner failed to prove the existence of a trade or business as a contract attorney in 2003. Accordingly, she is not entitled to deduct business expenses under section 162(a).

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.