T.C. Memo. 2010-263


UNITED STATES TAX COURT



ERNESTINE FORREST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11513-08.                    Filed December 2, 2010.



     After P failed to file a tax return for the 2004 tax
year, R filed a substitute for return and issued a notice of
deficiency determining a deficiency in P's Federal income
tax and additions to tax under secs. 6651(a)(1) and (2) and
6654, I.R.C.

     <u>Held</u>:  P is liable for a portion of the deficiency to
the extent decided herein.

     <u>Held</u>, <u>further</u>:  P is liable for the applicable
additions to tax.



Ernestine Forrest, pro se.

<u>Michael K. Park</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge: This case is before the Court on a petition for redetermination of petitioner's liability for income tax and additions to tax for 2004 as determined by respondent. After concessions by petitioner and respondent of certain income items and deductions,[1] the issues left for decision are:

(1) Whether petitioner is entitled to a deduction on Schedule A, Itemized Deductions, for meal expenses;

(2) whether petitioner is entitled to a Schedule A deduction for vehicle mileage expenses;

(3) whether petitioner is entitled to a Schedule A deduction for telephone expenses;

(4) whether petitioner is entitled to a Schedule A deduction for an employment-related legal fee of $400;

(5) whether petitioner is entitled to a Schedule A deduction for a casualty loss;

---

[1]Responded conceded meal expense deductions of $29.24, leaving $50.95 of meal expense deductions at issue. Petitioner concedes that she received $7,005 of pension distributions, a separate taxable distribution from her retirement account of $3,328, interest income of $129, savings bond interest income of $67, dividends of $1,084, unemployment compensation of $10,660, and $61,771 of wage income, all in 2004. The parties have agreed that petitioner is entitled to Schedule A deductions for 2004 as follows: State income taxes of $3,847.22; real estate taxes of $1,860.07; personal property tax of $166; mortgage interest of $7,245; charitable contributions of $160, and miscellaneous itemized deductions of $10,928.07 before any consideration of the adjusted gross income limitation on miscellaneous itemized deductions.

(6) whether petitioner is liable for the 10-percent additional tax under section 72(t) on the distribution of $3,328 from her individual retirement plan;[2]

(7) whether petitioner is liable for the section 6651(a)(1) addition to tax for the failure to file a timely return;[3]

(8) whether petitioner is liable for the section 6651(a)(2) addition to tax for the failure to timely pay tax; and

(9) whether petitioner is liable for the section 6654 addition to tax for the failure to pay estimated income tax.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulation of settled issues, the stipulated facts, and the accompanying exhibits are hereby incorporated by this reference. At the time she filed her petition, petitioner resided in California.

During January and the first 11 days of February 2004, petitioner was a securities lawyer employed by the California Department of Corporations. Although her employment was terminated in February 2004, she continued receiving pay through

---

[2]All section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]The amounts of all the additions to tax will be determined in the Rule 155 computations to be made in accordance with this opinion.

June 2004.[4]  After petitioner's employment was terminated, she commenced a lawsuit for reinstatement and backpay.  In connection with that litigation, in April 2004 petitioner flew from her home to Sacramento, and while in the Sacramento area consumed three meals.  At some time in 2004 petitioner was involved in an automobile accident with an uninsured motorist.  At the time of the accident petitioner was insured by State Farm Insurance, which has yet to resolve her claim.

Petitioner did not file a tax return for the 2004 tax year. Respondent prepared a substitute for return for petitioner's 2004 tax year which respondent filed on December 14, 2007.  On February 5, 2008, respondent issued petitioner a statutory notice of deficiency determining an income tax deficiency for 2004 of $16,260.80 and the following additions to tax: $1,438.83 under section 6651(a)(1) for failure to file a tax return on time; an amount to be determined under section 6651(a)(2) for failure to pay tax on time; and $153.81 under section 6654(a) for failure to pay estimated tax.

Petitioner timely filed a petition with this Court on May 13, 2008.  In the petition, petitioner disputed the deficiency

---

[4]We note that petitioner had previously been terminated from her employment with the California Department of Corporations in 2000 and was subsequently reinstated in March 2003 after filing suit against the State of California in 2003, of which we take judicial notice.  See Forrest v. Commissioner, T.C. Memo. 2009-228.

- 5 -

and argued that "A tax of more than $16,000 has been proposed in connection with the year 2004 with which the Taxpayer does not agree" and that "the Taxpayer desires to preserve her rights and position with regard to the year 2004.  Relief from the proposed tax is requested."  After concessions the issues left for determination are those listed above.  A trial was held in Los Angeles, California, on July 1, 2009.[5]

OPINION

I.   Burden of Proof

The Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, pursuant to section 7491(a)(1), the burden of proof as to a factual issue that affects the taxpayer's tax liability may be shifted to the Commissioner.  This occurs where the "taxpayer introduces credible evidence with respect to * * * such issue", and the

---

[5]Petitioner has been given sufficient time to file a brief. She has continually tested this Court's patience with motions to extend time to file and then ultimately failed to submit a brief. Petitioner is a member of the California State Bar and, as such, should be sensitive to any actual or perceived abuse of the judicial process.  The Court directs petitioner's attention to sec. 6673(a)(1), which allows the Court in its discretion to require the taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that "(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies".

taxpayer has, inter alia, complied with substantiation requirements pursuant to the Code and "maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a). Petitioner did not argue that the burden should shift, and she failed to maintain required records or comply with the substantiation and cooperation requirements. Accordingly, the burden of proof remains on petitioner.

## II. Expense Deductions

### A. General Rules

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001 (the taxpayer "shall keep such records"); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Taxpayers must maintain records relating to their income and expenses and must prove their entitlement to all claimed deductions, credits, and expenses in controversy. See sec. 6001.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". A trade or business expense is ordinary for purposes of section 162 if it is normal

or customary within a particular trade, business, or industry, and is necessary if it is appropriate and helpful for the development of the business. Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940). In contrast, "personal, living, or family expenses" are generally nondeductible. Sec. 262(a).

In certain circumstances, the taxpayer must meet specific substantiation requirements to be allowed a deduction under section 162. See, e.g., sec. 274(d). The heightened substantiation requirements of section 274(d) apply to: (1) Any traveling expense, including meals and lodging away from home; (2) any item with respect to an activity in the nature of entertainment, amusement, or recreation; (3) an expense for gifts; or (4) the use of "listed property", as defined in section 280F(d)(4), including any passenger automobiles. To deduct such expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own statement: (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment, amusement, recreation, or use of the property; (3) the business purpose of the expense or other item; and, (4) the business relationship to the taxpayer of the persons entertained or receiving the gift. Sec. 274(d).

To satisfy the adequate records requirement of section 274, a taxpayer must maintain records and documentary evidence that in

combination are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

Where the heightened requirements discussed above do not apply, however, the Court may allow the deduction of a claimed expense even where the taxpayer is unable to fully substantiate it, provided the Court has an evidentiary basis for doing so. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). But see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances, the Court is permitted to approximate the allowable expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544.

B.   Schedule A Deduction for Meal Expenses

The heightened or strict substantiation requirements of section 274(d), discussed above, apply to meal expenses. To

satisfy section 274(d) petitioner must present sufficient evidence in addition to her testimony to satisfy the three aspects of this requirement. The taxpayer must prove: (1) The amount, (2) the time and place, and (3) the business purpose of each expenditure. Sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

After respondent's concessions, $50.95 of petitioner's meal expense deductions remains at issue. This amount stems from three meals petitioner consumed during a trip she made to Sacramento in April 2004 in connection with her employment litigation. Petitioner claims that she is entitled to deductions for meals purchased including: $10.45 at Denny's, Inc., on April 24, 2004, $29.97 at the Bootlegger Restaurant on April 25, 2004, and $10.53 at Awful Annies #1 on April 25, 2004, all in the Sacramento and Auburn, California, area.

Petitioner presented a credit card statement showing the above amounts and an airline receipt showing that she had purchased a round-trip ticket from Los Angeles to Sacramento on April 24, 2004, and returning on April 26, 2004. We find that petitioner has produced enough evidence in conjunction with her testimony to meet the first two parts of the heightened section 274 burden. She has shown both the amount of the expenditure and the time and place of the travel. Remaining is the third, required business purpose, showing.

Petitioner testified that she incurred these expenses during a trip to Sacramento to confer with the attorney working on her reinstatement litigation. This litigation can be characterized as an attempt to reestablish petitioner's business of earning her pay and, therefore, a business expense. See Kenton v. Commissioner, T.C. Memo. 2006-13. Therefore, petitioner has met the three requirements under the heightened burden of substantiation with respect to the three meal expense deductions and is entitled to a Schedule A deduction of $50.95.[6]

C.    Schedule A Deduction for Vehicle Mileage Expenses

The strict substantiation requirements of section 274(d) also apply to away-from-home business mileage expenses. Smith v. Commissioner, 80 T.C. 1165, 1172 (1983). The taxpayer must prove the amount, time, place, and business purpose of each expenditure. Sec. 1.274-5T(b), Temporary Income Tax Regs., supra. The amount of the business travel may be substantiated by the use of a contemporaneous log or by any reasonable means establishing the number of miles traveled, the date, the place,

---

[6]We note that under sec. 62(a)(20) as amended, effective Oct. 22, 2004, "attorney fees and court costs" paid by the taxpayer in connection with discrimination lawsuits "paid after Oct. 22, 2004, with respect to any judgment or settlement occurring after that date are allowed as a deduction in computing adjusted gross income, with the result that they are not subject to the AMT, and are not subject to the 2-percent floor." Kenton v. Commissioner, T.C. Memo. 2006-13. However, as petitioner is deducting meal expenses here, not attorney's fees and court costs, these expenses do not fall within the favorable treatment of sec. 62(a)(20) and are subject to the AMT and the 2-percent floor. See secs. 56(b)(1)(A)(i), 67(a).

and the business purpose of such miles.  Smith v. Commissioner, supra at 1172.  "Congress has chosen to impose a rigorous test of deductibility in the area of travel expenses.  Each of the foregoing elements must be proved for each separate expenditure.  General vague proof, whether offered by testimony or documentary evidence, will not suffice."  Id. at 1171-1172.

Although petitioner claimed to have regularly used her personal vehicle in connection with her reinstatement litigation, the record is practically devoid of any evidence related to her claimed mileage deduction.  Evidence which is vague or significantly incomplete is not credible.  Harris v. Commissioner, T.C. Memo. 2010-248; Weaver v. Commissioner, T.C. Memo. 2004-108.  Petitioner asserted that she has always maintained a log of her vehicle travels, but "could not locate it" and the only evidence accepted at trial was an exhibit consisting of photocopies of parking receipts.[7]  Although we

---

[7]At trial petitioner attempted to introduce a typed list of expenses and places that did not include miles traveled.  She explained that this exhibit

> describes taxpayer's activities in relation to some of
> the expenses that are being questioned, written
> transcripts, * * * parking fees * * * in connection
> with trying to get the back pay awarded to her * * *
> similarly there is another chart referring to the
> copies and other things that are incurred related to
> travel to accomplish these things * * * to go to the
> airport * * * to do a variety of business activities.

Respondent objects to the exhibit as "clearly prepared in anticipation of [this] litigation".  We agreed with respondent

(continued...)

agree with petitioner that she "had to drive to someplace to park", she did not even attempt to explain at trial where she had driven when she received the parking receipts or that the miles driven to the parking lots were in fact deductible. Petitioner was unable to provide any substantiation for her claimed mileage deduction, let alone meet the heightened requirements under section 274. Therefore she is not entitled to a Schedule A deduction for her claimed vehicle mileage expenses for the 2004 tax year.

D.    Schedule A Deduction for Telephone Expenses

As discussed above, a taxpayer is generally permitted to deduct ordinary and necessary business expenses, but is required to keep sufficient records to substantiate the amount of any deduction. Secs. 162(a), 6001. Under the Cohan doctrine, the Court is permitted to estimate expenses; however, there must be sufficient evidence that the expense was in fact incurred. Williams v. United States, 245 F.2d at 560.

---

[7](...continued)
and refused to admit the evidence. This exhibit does not constitute the kind of evidence contemplated by sec. 274(d) and required to satisfy the higher burden of substantiation.

We also note that generally taxpayers may not "deduct the daily cost of commuting to and from work, as such expense is considered to be personal and nondeductible." Brockman v. Commissioner, T.C. Memo. 2003-3 (citing Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946)). Petitioner's offered exhibit listed under mileage included entries such as "kinko", "mail", "copy", and "buy supplies" that denote local and possibly personal errands.

At trial petitioner testified that she had more than one telephone to support a dial-up modem and fax machine.  She did not present any evidence, testimonial or otherwise, regarding the percentage of business use of the telephone.  We note that "in the case of an individual, any charge (including taxes thereon) for basic local telephone service with respect to the 1st telephone line provided to any residence of the taxpayer shall be treated as a personal expense."  Sec. 262(b).  Petitioner also did not produce any telephone bills to substantiate a deduction.  Petitioner clearly has not met her burden and is not entitled to a Schedule A deduction for her claimed telephone expenses for the 2004 tax year.

E.    Schedule A Deduction for $400 Legal Fee

Petitioner claims to have made a $400 payment to her attorney "for filing a writ petition to try to get the employer to pay three years of back pay."  As we decided above, petitioner's litigation fees are ordinary and necessary business expenses.  See Kenton v. Commissioner, supra.  However, petitioner is still required to maintain adequate records to substantiate those expenses under section 6001.  Petitioner did not present either a receipt for the $400 or a canceled check evidencing such payment even though the Court allowed her time after the trial, with numerous extensions, to gather evidence of this payment.  Petitioner has not met her burden and is therefore

not entitled to a Schedule A deduction for a claimed employment-related legal fee of $400 for the 2004 tax year.

F.    Schedule A Deduction for Casualty Loss

Section 165(a) allows "as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise."  See also sec. 165(c)(3) (casualty loss deductions for individual taxpayers).  A taxpayer may deduct a casualty loss resulting from damage to his or her automobile whether used for a business or personal purpose.  Sec. 1.165-7(a)(3), Income Tax Regs.  The amount of the deduction, in the case of property not used for business or held for the production of income, is the lesser of either (i) the fair market value of the property before the casualty minus the fair market value after the casualty; or (ii) the adjusted basis of the property.  Sec. 1.165-7(b)(1), Income Tax Regs.

Petitioner explained that her 1978 BMW was "totaled" while she was stalled on the Pasadena Freeway at some time during 2004. While petitioner might qualify for a casualty loss deduction, we conclude that she failed to establish her adjusted tax basis in the car and that she claimed this deduction prematurely. Petitioner admitted that her claim for damages with her automobile insurance company has yet to be resolved.  She acknowledged there still exists a claim for reimbursement with a reasonable prospect for recovery although she was unsure whether

the insurance company would pay her at all. As we have previously held, a taxpayer must establish the amount of the loss before she may claim a casualty loss deduction. Clem v. Commissioner, T.C. Memo. 1991-414 (citing Towers v. Commissioner, 24 T.C. 199, 239 (1955), affd. 247 F.2d 233 (2d Cir. 1957), affd. sub nom. Bonney v. Commissioner, 247 F.2d 237 (2d Cir. 1957)); see also sec. 1.165-1(d)(2)(i), Income Tax Regs.

This is especially true in a case involving insurance. Section 165(a) prohibits a taxpayer from deducting any amount compensated by insurance. Since petitioner did not know, by the close of the year in issue, how much, if anything, she would receive from her insurance company as reimbursement for the damages to her car, she cannot ascertain the amount of her casualty loss. Petitioner is not entitled to a casualty loss deduction.

G. Ten Percent Additional Tax Under Section 72(t) on the Distribution From Petitioner's Retirement Plan

In general, section 4974(c) defines qualified retirement plans as including individual retirement accounts (IRA). Section 408 governs the treatment of IRAs. Specifically, section 408(d) provides that distributions from an IRA are generally taxable in the manner directed in section 72. Section 72(t) provides for an additional tax on premature distributions.

Petitioner concedes that when she withdrew $3,328 from her IRA at the Washington Mutual Bank in 2004 she was 55 years old.

She testified that the reason she withdrew the money was that she needed it for "some major expense or something it required."  At no time has petitioner contended that any of the exceptions set forth in section 72(t)(2) are applicable to her circumstance, nor has she explained why she believed the section 72(t) additional tax did not apply.  Petitioner is liable for the 10-percent additional tax under section 72(t) on the distribution of $3,328 from her retirement plan for the 2004 tax year.

III. Additions to Tax

Respondent determined that petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654 for the 2004 tax year.  Pursuant to section 7491(c), respondent has the burden of production with respect to these additions to tax and is therefore required to "come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  However, "once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect."  Id. at 447.

A.    Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See United

States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner concedes that she did not file a Federal income tax return for her 2004 tax year.  She has not argued, or introduced any evidence suggesting, that her failure to file was due to reasonable cause and not willful neglect.  Accordingly, we sustain respondent's imposition of the addition to tax under section 6651(a)(1).

B.    Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return.  This Court has stated:

> The Commissioner's burden of production with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question.  In a case such as this where the taxpayer did not file a return, the Commissioner must introduce evidence that an SFR [substitute for return] satisfying the requirements of section 6020(b) was made.  See Cabirac v. Commissioner, * * * [120 T.C. 163 (2003)].  * * *

Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  The section 6651(a)(2) addition to tax is not imposed if the taxpayer proves that the failure to pay is due to reasonable cause and not willful neglect.

Under section 6651(g)(2), a return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purpose of determining the amount of an addition to tax under section 6651(a)(2).  To constitute a section 6020(b) return, "the return must be subscribed, it must contain

sufficient information from which to compute the taxpayer's tax liability, and the return form and any attachments must purport to be a 'return'." Spurlock v. Commissioner, T.C. Memo. 2003-124.

Petitioner concedes that respondent prepared a substitute for return for her 2004 tax year under section 6020(b). Because petitioner did not pay the tax liability as shown on the section 6020(b) return, respondent has met the burden of production with respect to the section 6651(a)(2) addition to tax. Petitioner has not argued or introduced any evidence suggesting that her failure to pay was due to reasonable cause and not willful neglect. We therefore sustain respondent's imposition of the addition to tax under section 6651(a)(2).

C.  Section 6654 Addition to Tax

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer. The addition to tax is computed by reference to the four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for the year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the

individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B).

Petitioner failed to file a 2004 Federal income tax return and made no estimated tax payments for 2004.  Petitioner did have a tax liability for her 2003 taxable year.[8]  Consequently, petitioner was required to make a payment of estimated tax.  See sec. 6654(d)(1)(B)(ii).  Respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2004.  The Court also concludes that petitioner does not qualify for any of the exceptions to a section 6654(a) addition to tax provided in section 6654(e).

Under section 6654(e), a section 6654(a) addition to tax does not apply if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced by the credit allowable by section 31, is less than $1,000.  The addition to tax will also not apply if the taxpayer's tax for a full immediately preceding 12-month taxable year was zero and the taxpayer was, for the entire taxable year, a citizen or resident of the United States.  The Court has

---

[8]Respondent was unable to present petitioner's 2003 tax liability at trial because it was the subject of another Tax Court case that has since been decided.  In Forrest v. Commissioner, T.C. Memo. 2009-228, we sustained respondent's determination that in addition to the $9,666 of tax shown on her 2003 tax return, petitioner had a Federal income tax deficiency of $1,882.

determined that petitioner had a liability for income tax for 2004 that exceeded $1,000, net of any section 31 credit, and has taken judicial notice of the fact that petitioner had a tax liability in 2003.  Therefore, the Court sustains respondent's determination of the addition to tax pursuant to section 6654(a).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

under Rule 155.